# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| AMY PONZOLI, ) | |
| ) | Civil Action File No. _____ |
| Plaintiff, ) | |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| TECHNICAL COLLEGE ) | |
| SYSTEM OF GEORGIA d/b/a ) | |
| ATHENS TECHNICAL COLLEGE, ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

Plaintiff Amy Ponzoli ("Plaintiff" or "Ms. Ponzoli") files this Complaint for Equitable Relief and Damages against Defendant Technical College System of Georgia d/b/a Athens Technical College ("Athens Tech" or "Defendant") showing the Court the following:

### INTRODUCTION

1. This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101 *et seq.*, Title VII, 42 U.S.C. § 2000e *et seq.*, and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* ("Title IX") to correct unlawful employment practices on the basis of disability and gender, to vindicate Plaintiff Ponzoli's rights, and to make her whole. Ms. Ponzoli seeks

injunctive and declaratory relief, back pay, reinstatement or front pay, and lost benefits, compensatory damages, and attorney's fees and costs of litigation.

2.    Ms. Ponzoli brings this action because under the ADA, she had an actual impairment, a record of actual impairment, or Athens Tech regarded her as having an impairment for which she was terminated.  Ms. Ponzoli also asserts gender discrimination claims under Title VII and Title IX as she was treated differently than men in her role by a co-worker.  Plaintiff further asserts retaliation claims for opposing disability and gender discrimination.

## JURISDICTION AND VENUE

3.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

4.    Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant Athens Tech conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Middle District of Georgia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.    Ms. Ponzoli filed a charge of discrimination with the Equal Employment Opportunity Commission on June 14, 2021, within 180 days of the occurrence of the acts of which she complains.

6. On February 7, 2022, Ms. Ponzoli received a Notice of Right to Sue from the EEOC relating to her charge of discrimination, charge number 410-2021-05298.

7. Ms. Ponzoli brings this suit within ninety (90) days of the receipt of her Notice of Right to Sue.

## THE PARTIES

8. Ms. Ponzoli is a citizen of the United States and a resident of the State of Georgia. Ms. Ponzoli submits herself to the jurisdiction of this Court.

9. Ms. Ponzoli is a woman.

10. Ms. Ponzoli, at all times relevant hereto, was an individual with a disability as that term is defined by 42 U.S.C. § 12102(1).

11. Ms. Ponzoli is a person with a disability because she has severe hearing loss in both ears causing substantial limitations in one or more major life activities, because she has a record of impairment, and because Athens Tech regarded her as having an impairment.

12. Ms. Ponzoli was capable of performing the essential functions of her job with or without an accommodation.

13. Athens Tech, a unit of the Technical College System of Georgia, provides educational programs and services through traditional and distance

education methods to foster lifelong learning, facilitate workplace success, and promote economic development.

14. Athens Tech is an employer engaged in commerce or in an industry affecting commerce within the meaning of the ADA and Title VII and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year. Moreover, Athens Tech receives federal financial assistance so as to be subject to Title IX.

15. Athens Tech may be served with summons and a copy of the Complaint in this action by delivering process through its Registered Agent Kelsey Bassett at 1800 Century Place NE, Suite 275, Atlanta, GA 30345.

## STATEMENT OF FACTS

16. Ponzoli served as the Program Chair of Culinary Department for Athens Technical College beginning in August 2017.

17. She is woman with severe hearing loss in both ears, speaks in a high volume due to such loss, and relies on lip reading to assist her conversational comprehension.

18. Despite her hearing disability, Ponzoli received a 4.39 on her May 2020 performance evaluation. The rating was between the two highest scores of Exceeds Expectations and Outstanding.

19. The Facilities Supervisor at Athens Tech, a man named Chris Lockhart, ignored her, did not respond to her requests for assistance, and failed to include her in decisions within her scope of work.

20. Lockhart's approach to Ponzoli made it difficult to perform all the functions of her job.

21. While Ponzoli was being subjected to Lockhart's gender-based mistreatment, Ponzoli contacted the Human Resources Director at that time, Becky Burton, about a reasonable accommodation for her hearing loss on November 13, 2019.

22. A month later, Ponzoli notified her immediate supervisor, Dean Nick Chapman, that she believed Lockhart was mistreating her based on her gender.

23. Then, in early July 2020, Ponzoli told Vice President Glenn Henry and Dean Chapman that she believed Lockhart mistreated her because of her gender.

24. Later that same month, Ponzoli filed a formal complaint about gender discrimination with Sherri Heath, Human Resources Director at Athens Tech.

25. On August 20, 2020, Ponzoli filed another complaint with Human Resources alleging that she had been retaliated against due to her complaints of gender discrimination regarding Lockhart.

26. On September 8, 2020, TCSG issued a dismissal of Ponzoli's gender discrimination complaint. By September 14, 2020, the TCSG dismissed Ponzoli's retaliation complaint.

27. Then, just a few weeks later, Ponzoli received a written warning about her interactions with a person that serviced some equipment at the school.

28. Ponzoli did not know the particulars of the alleged complaint and was not shown any writing regarding the alleged incident.

29. On February 12, 2021, Ponzoli submitted the paperwork for the accommodation to help her comprehend the conversations within the investigatory meetings. Four days later, at a meeting with Henry, Chapman, and Heath, Ponzoli again reiterated she believed she was unlawfully retaliated against based on her previous complaints.

30. On February 18, 2021, ATC suspended Ponzoli for cursing in class.

31. On March 2, 2021, ATC terminated Ponzoli.

32. Upon information and belief, other instructors have cursed in class and not been disciplined.

## COUNT I
### Violation of ADA – Regarded As Disabled

33. Ms. Ponzoli incorporates by reference all of the preceding paragraphs of the Complaint.

34. At all times relevant hereto, Athens Tech has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

35. At all times relevant hereto, Ms. Ponzoli was an individual with a disability as defined under the ADA, 42 U.S.C. § 12102 (1)(C) because Athens Tech regarded her as a person with an impairment as defined by the Act.

36. Moreover, at all times relevant hereto, Ms. Ponzoli has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of the job.

37. Athens Tech failed to provide Ms. Ponzoli with an accommodation when she requested it.

38. Instead, shortly thereafter, Athens Tech terminated Ms. Ponzoli because it regarded her as disabled.

39. Athens Tech's actions violated Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

40. As a direct and proximate result of Athens Tech's intentional discrimination, Ms. Ponzoli has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of salary, performance incentives, deferred compensation, and other job-related benefits,

including social security, life insurance, health care insurance, all in an amount to be established at trial.

41. Athens Tech's actions have caused and continue to cause Ms. Ponzoli to suffer damages for garden variety emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT II
## Violation of ADA – Actual Discrimination

42. Ms. Ponzoli incorporates by reference all of the preceding paragraphs of the Complaint.

43. At all times relevant hereto, Athens Tech has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

44. At all times relevant hereto, Ms. Ponzoli was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102 (1)(A).

45. Athens Tech was aware of Ms. Ponzoli's disability.

46. At all times relevant hereto, Ms. Ponzoli has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of hier job.

47. Ms. Ponzoli's disability substantially limits one or more major life activities.

48. Athens Tech terminated Ms. Ponzoli because of her disability.

49. Athens Tech's actions are a violation of Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

50. As a direct and proximate result of Athens Tech's intentional discrimination, Ms. Ponzoli has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of salary, performance incentives, deferred compensation, and other job-related benefits, including social security, life insurance, health care insurance, all in an amount to be established at trial.

51. Athens Tech's actions have caused, continue to cause, and will cause Ms. Ponzoli to suffer damages for garden variety emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT III
## Violation of ADA – Record of Disability

52. Ms. Ponzoli incorporates by reference all of the preceding paragraphs of the Complaint.

53. At all times relevant hereto, Athens Tech has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

54. At all times relevant hereto, Ms. Ponzoli was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102 (1)(A).

55. Athens Tech was aware of Ms. Ponzoli's history and record of disability.

56. At all times relevant hereto, Ms. Ponzoli has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of her job.

57. Ms. Ponzoli's disability substantially limits one or more major life activities.

58. Athens Tech terminated Ms. Ponzoli because of her record of disability.

59. Athens Tech's actions are a violation of Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

60. As a direct and proximate result of Athens Tech's intentional discrimination, Ms. Ponzoli has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of salary, performance incentives, deferred compensation, and other job-related benefits, including social security, life insurance, health care insurance, all in an amount to be established at trial.

61. Athens Tech's actions have caused, continue to cause, and will cause Ms. Ponzoli to suffer damages for garden variety emotional distress, mental anguish,

loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT IV
### Failure to Accommodate in Violation of the ADA

62. Ms. Ponzoli incorporates by reference all the preceding paragraphs of this Complaint.

63. At all times relevant hereto, Athens Tech has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

64. At all times relevant hereto, Ms. Ponzoli was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(1)(A).

65. Athens Tech was aware of Ms. Ponzoli's disability and record of disability.

66. At all times relevant hereto, Ms. Ponzoli has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of her job.

67. Ms. Ponzoli's disability substantially limits one or more major life activities.

68. Ms. Ponzoli requested accommodations from Athens Tech with regard to her hearing loss.

69. Athens Tech refused to accommodate Ms. Ponzoli and, instead, terminated her employment because of her disability.

70. Athens Tech's actions are a violation of Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability and requires reasonable accommodation for disabilities.

71. As a direct and proximate result of Athens Tech's intentional discrimination, Ms. Ponzoli has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of salary, performance incentives, deferred compensation, and other job-related benefits, including social security, life insurance, health care insurance, all in an amount to be established at trial.

72. Athens Tech's actions have caused, continue to cause, and will cause Ms. Ponzoli to suffer damages for garden variety emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT V
### Retaliation in Violation of the ADA

73. Ms. Ponzoli incorporates by reference all the preceding paragraphs of the Complaint.

74. At all times relevant hereto, Athens Tech has been subject to the requirements of Title I of the ADA.

75. At all times relevant hereto, Ms. Ponzoli was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102 (1)(A).

76. In November 2020, Ms. Ponzoli engaged in protected activity under the ADA when she formally requested accommodations to assist her with the investigatory meetings she attended regarding her complaints and the complaints launched against her.

77. On February 12, 2021, Ponzoli submitted the paperwork for the accommodation to help her comprehend the conversations within the investigatory meetings. Four days later, at a meeting with Henry, Chapman, and Heath, Ponzoli again reiterated she believed she was unlawfully retaliated against based on her previous complaints.

78. On February 18, 2021, ATC suspended Ponzoli for cursing in class.

79. On March 2, 2021, ATC terminated Ms. Ponzoli.

80. Athens Tech terminated Ms. Ponzoli's employment less than one month after Ms. Ponzoli requested an accommodation.

81. Athens Tech's actions in retaliating against Ms. Ponzoli following her requests for reasonable accommodations were committed with reckless disregard for her right to be free from discriminatory treatment.

82. The effect of Athens Tech's above-mentioned conduct has been to deprive Ms. Ponzoli of equal employment opportunities and benefits.

83. The actions taken against Ms. Ponzoli by Athens Tech have caused her to suffer both monetary and non-monetary damages.

84. Accordingly, Ms. Ponzoli is entitled to the equitable and monetary relief set forth in the following prayer for relief for Athens Tech's violation of her rights under the ADA.

## COUNT VI
## Gender Discrimination in Violation of Title VII

85. All preceding paragraphs are incorporated herein by reference.

86. Plaintiff is an "employee" as defined by Title VII, 42 § U.S.C. § 2000e et seq.

87. Defendant is an "employer" as defined by Title VII, 42 U.S.C. § 2000e et seq.

88. Defendant discriminated against Plaintiff because of her gender by allowing her co-worker to ignore her requests for assistance and excluding her from taking part in decisions directly within her scope of work.

89. Defendant's discriminatory treatment of Plaintiff violates Title VII and entitles Plaintiff to all appropriate relief provided under the statute.

90. Defendant's actions were willful, deliberate, and intended to cause Plaintiff harm, and/or were committed with reckless disregard of the harm caused to Plaintiff and were in derogation of her federally protected rights.

91. As a result of Defendant's conduct, Plaintiff has suffered lost wages and benefits and has suffered mental and emotional distress.

92. Plaintiff was damaged by Defendant's actions in an amount to be proven at trial.

93. Plaintiff is entitled to the relief set forth in the prayer for relief below.

## COUNT VII
## Retaliation in Violation of Title VII

94. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

95. Title VII prohibits employers from retaliating against employees who report or oppose discrimination.

96. Defendant unlawfully retaliated against Plaintiff in violation of her rights under Title VII by, among other things, taking adverse employment actions against her because she opposed and/or reported Lockhart's gender discrimination.

97. Defendant's conduct constitutes unlawful retaliation in violation of Title VII.

98. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

## COUNT VIII
## Gender Discrimination in Violation of Title IX

99. All preceding paragraphs are incorporated herein by reference.

100. Plaintiff is an "employee" as defined by Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq. ("Title IX").

101. Defendant discriminated against Plaintiff because of her gender by allowing her co-worker to ignore her requests for assistance and excluding her from taking part in decisions directly within her scope of work.

102. Defendant's discriminatory treatment of Plaintiff violates Title IX and entitles Plaintiff to all appropriate relief provided under the statute.

103. Defendant's actions were willful, deliberate, and intended to cause Plaintiff harm, and/or were committed with reckless disregard of the harm caused to Plaintiff and were in derogation of her federally protected rights.

104. As a result of Defendant's conduct, Plaintiff has suffered lost wages and benefits and has suffered mental and emotional distress.

105. Plaintiff is entitled to recover liquidated damages.

106. Plaintiff was damaged by Defendant's actions in an amount to be proven at trial.

107. Plaintiff is entitled to the relief set forth in the prayer for relief below.

## COUNT IX
### Retaliation in Violation of Title IX

108. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

109. Title IX prohibits employers from retaliating against employees who report or oppose discrimination.

110. Defendant unlawfully retaliated against Plaintiff in violation of her rights under Title IX by, among other things, taking adverse employment actions against her because she opposed and/or reported Lockhart's gender discrimination.

111. Defendant's conduct constitutes unlawful retaliation in violation of Title IX.

112. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

113. Plaintiff is entitled to recover liquidated damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

(a) Issue a declaratory judgment that Athens Tech's acts, policies, practices, and procedures complained of herein violated Ms. Ponzoli's rights as secured under the ADA, Title VII and Title IX;

(b) Grant to Ms. Ponzoli judgment in her favor and against Athens Tech under all counts of this Complaint;

(c) Order Athens Tech to make Ms. Ponzoli whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation salary, performance incentives,

deferred compensation, and other job related benefits, including social security, life insurance, health care insurance, denied or lost as a result of Athens Tech's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(d)　Order that Ms. Ponzoli be awarded front pay or that Athens Tech reinstate her;

(e)　Order Athens Tech to compensate Ms. Ponzoli for mental and emotional damages suffered as a result of Athens Tech's unlawful and discriminatory acts;

(f)　Order that Ms. Ponzoli be awarded liquidated damages;

(g)　Grant to Ms. Ponzoli a jury trial on all issues so triable;

(h)　Grant to Ms. Ponzoli her reasonable attorney's fees and reasonable expert witness fees together with any and all other costs associated with this action; and

(i)　Grant such additional monetary and equitable relief as the Court deems proper and just.

Respectfully submitted on this 27th day of April 2022.

                                                LEGARE, ATTWOOD & WOLFE, LLC

                                                *s/ Eleanor M. Attwood*
                                                Eleanor Mixon Attwood
                                                Georgia Bar No. 514014
                                                emattwood@law-llc.com

Decatur Town Center Two
125 Clairemont Avenue, Suite 380
Decatur, GA 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212