UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| AMY PONZOLI, | ) | |
| | ) | Civil Action File No. |
| Plaintiff, | ) | 3:22-cv-00050-CDL |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| TECHNICAL COLLEGE | ) | |
| SYSTEM OF GEORGIA d/b/a | ) | |
| ATHENS TECHNICAL COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT PROTECTIVE ORDER

**PREAMBLE:**

Plaintiff Amy Ponzoli and Defendant Technical College System of Georgia ("TCSG") agree and stipulate as follows:

This lawsuit is presently in the discovery stage, and it appears that such discovery will involve review of personnel and employment-related documents and confidential information relating to Plaintiff and current and former employees of Defendant TCSG. The Parties have agreed to produce such relevant, non-objectionable documents responsive to discovery requests that contain such confidential, proprietary and/or sensitive information, so long as all parties agree to limit such use of information solely to this action and in strict accordance with the terms and conditions of this Consent Protective Order.

Discovery may also involve review of confidential student education records, protected by the Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99). The Parties agree to follow proper procedures for requesting and releasing FERPA protected documents and information to ensure Defendant TCSG's compliance with its duties and responsibilities with respect to maintaining the confidentiality of student education records. To the extent FERPA protected documents and information are properly released, the parties agree to limit such use of information solely to this action and in strict accordance with the terms and conditions of this Consent Protective Order.

**CONSENT PROTECTIVE ORDER:**

IT IS HEREBY STIPULATED AND AGREED by the Parties that the following clauses of this Consent Protective Order shall govern the production and use of confidential documents in this action:

1.

As used herein, the word "document" means (a) all recordings, papers, printed and written materials (including electronically stored information) produced or furnished by, or obtained by the Parties during the course of this matter through discovery; (b) all copies, extracts, and complete or partial summaries prepared from such papers or written materials; (c) portions of

deposition transcripts and exhibits thereto which relate to, contain, or incorporate by reference any such papers, written materials, copies, extracts, or summaries; (d) portions of briefs, memoranda, or any other writings, filed with the Court, and exhibits thereto, which contain, quote, cite, or describe any such papers, written materials, copies, extracts, or summaries in a manner that would compromise the confidentiality of the underlying paper, written materials, copy, extract, or summary; and (e) not any materials which in the good faith judgment of counsel are privileged or work product materials.

2.

As used herein, the word "confidential document" refers to information protected by Rule 26(c) of the Federal Rules of Civil Procedure, or by other applicable laws or rules as a trade secret or by privacy laws, including laws governing personal and medical information.  A party shall not routinely designate material as "**CONFIDENTIAL**," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

3.

All documents produced and information furnished by the Parties which are designated **"CONFIDENTIAL"** by the producing party shall be treated as such by all persons to whom such documents are disclosed.  Such confidential documents, and all copies, summaries, compilations, notes, or abstracts, shall be used

exclusively in this action and for no other purpose. Unless the recipients are parties to this lawsuit or court personnel, any documents designated as **"CONFIDENTIAL"** pursuant to this Consent Protective Order may not be disclosed wholly, in part, or in substance except as set forth below.

4.

If any confidential document is used during any deposition, the deposition or relevant portions thereof (as designated by agreement of counsel) shall be treated as confidential in accordance with paragraph 6, *infra*.

5.

Documents, other materials and deposition testimony designated as **"CONFIDENTIAL"** pursuant to the terms of this Consent Protective Order may be used only in connection with this case and may be disclosed only to the following persons:

(a)  To the parties and their respective counsel of record, their associated attorneys, and their regularly employed support staff, including paralegal and clerical personnel, who have a need to review the documents or other materials to aid in the preparation of this case;

(b)  To the United States District Court, Middle District of Georgia/, and any court of competent appellate jurisdiction, as well as court personnel, including stenographic reporters regularly employed by the

court;

(c) To other stenographic reporters as are necessarily incident to the conduct of this action; and

(d) Only on an as needed basis, to deponents, to witnesses, prospective witnesses, or persons requested by counsel to furnish technical or other expert services, provided that such persons described above agree not to disclose this information to any party or person outside this litigation and agree to be bound by this Consent Protective Order.

6.

Prior to disclosure to potential witnesses for Plaintiff or Defendant (other than current managerial employees of Defendant TCSG) of documents or other materials designated as **"CONFIDENTIAL"** pursuant to this Consent Protective Order, counsel shall show the witness a copy of this Order and secure his or her written agreement to be bound by the terms of this Order. Such written agreement shall take the form of the acknowledgement attached hereto as Exhibit A.

7.

All documents, transcripts or other materials afforded confidential treatment pursuant to this Consent Protective Order and in the possession of the Parties or their counsel, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work

product materials, shall be either (i) returned to the producing party's counsel within sixty (60) days after the final resolution of this matter or (ii) destroyed by the receiving party with confirmation of such destruction provided to the producing party within sixty (60) days after the final resolution of this matter.

8.

Counsel agree to confer with respect to any documents (including briefs), tangible things or information designated as **"CONFIDENTIAL"** that are submitted to the Court in support of or in opposition to a motion to determine whether such documents, things, or information, may be redacted prior to filing, or must be filed under seal. For those documents which a party contends must be filed under seal, a motion to file under seal must be made in accordance with the Court's Local Rules.

A party who seeks to introduce protected documents, tangible things or information at a hearing or during trial shall orally advise the Court at the time of introduction that the documents, tangible things or information sought to be introduced are protected. After giving both parties an opportunity to be heard with respect to the documents, things, or information sought to be protected, the Court will review the protected documents, tangible things or information in camera, and make an oral ruling. The Clerk will file any such documents or tangible things under seal as directed by the Court.

9.

Any challenges to the designation of a document or information as **"CONFIDENTIAL"** shall be filed no later than the close of discovery or within fourteen days of receipt of the document, whichever last occurs. Any party who challenges such a designation shall specifically identify to the producing party the document or information it believes was wrongly designated as **"CONFIDENTIAL**," whereupon the designating party shall provide to the challenging party within five (5) business days from receipt of the challenge a written statement describing the grounds supporting its designation unless it determines to remove the designation. If the challenging party is not satisfied, the parties shall meet and confer in good faith to attempt a voluntary resolution of any challenge to a designation. In the event the parties fail to reach agreement, they shall present such dispute informally for resolution by telephonic conference by making a request for such a conference to the presiding judge's staff attorney or staff.

10.

In light of the confidentiality protections established under FERPA for student educational records, the parties agree to abide by the following procedure for release or exchange of educational records which contain personally identifiable information or educational records of any student, unless the written

consent has been provided by the affected student, or the student's legal guardian (whichever is applicable) for the release of the student's records for use in this litigation:

    (a)    When educational records containing personally identifiable information of any student are requested pursuant to a subpoena or directed to be produced pursuant to an order from the Court, Defendant TCSG shall provide notice to the student(s) affected upon receipt of the subpoena or Court order. If no objection is filed with the Court by the affected student, or the student's legal guardian (whichever is applicable) prior to the deadline for production of the documents pursuant to the subpoena or Court order, Defendant TCSG shall produce such materials without redactions of any personally identifiable information. The documents shall be marked "**CONFIDENTIAL**" and shall be treated in accordance with the terms of this Consent Protective Order.

11.

Any discovery material containing confidential information that has been inadvertently produced without identification as to its confidential nature may be so designated by the disclosing party through written notice to counsel for the receiving parties which identifies the non-designated discovery material as

"**CONFIDENTIAL**" within a reasonable time following the discovery that such information has been produced without a proper confidentiality designation.

12.

Pursuant to Federal Rule of Evidence 502(d), the inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection ("Privileged Information") shall not waive the protection or the privilege for either that document or for the subject matter of that document.

In the event a party inadvertently discloses Privileged Information, the disclosing party must promptly notify the party receiving the Privileged Information, in writing, that it has disclosed that Privileged Information without intending a waiver by the disclosure.  Regardless of whether the receiving party disputes the claim, any Privileged Information shall be, upon written request, promptly returned to the disclosing party, or destroyed, at the disclosing party's option.

If the receiving party disputes whether a disclosed document is privileged or is protected by work product, the parties agree to meet and confer in good faith as to whether such material is privileged or work product protected.  If the parties are unable to reach agreement, the receiving party may, within twenty (20) days after the parties have met and conferred, file a motion for an appropriate order from this

Court. Any such motion shall be filed under seal with the Court. The disclosing party shall have the burden of establishing that the material is covered by privilege or work product protection. Pending resolution of the motion, the receiving party shall not use the challenged Privileged Information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed motion.

Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced.

13.

This Protective Order may be amended without leave of Court and by agreement of the parties in the form of a stipulation that shall be filed in this action.

14.

The provisions of this Consent Protective Order will not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

**SO ORDERED** this 26th day of September, 2022.

                      S/Clay D. Land
                  JUDGE CLAY D. LAND
                  UNITED STATES DISTRICT COURT JUDGE

**CONSENTED TO BY:**

| */s/Eleanor Attwood* | */s/Courtney Poole* |
|---|---|
| Eleanor Attwood | Courtney C. Poole |
| Ga Bar No. 514014 | Georgia Bar No. 560587 |
| emattwood@law-llc.com | cpoole@law.ga.gov |
| Legare, Attwood & Wolfe, LLC | Georgia Department of Law |
| 125 Clairemont Ave., Suite 380 | 40 Capitol Square SW |
| Decatur, Georgia 30030 | Atlanta, Georgia 30334 |
| Telephone: (470) 823-4000 | Telephone: (404) 656-3393 |
| *Attorney for Plaintiff* | *Attorney for Defendant* |